BENJAMIN F. BROOKS & others vs. JAMES M. CUTTER & others.

Suffolk.   November 10, 1875.   WELLS & ENDICOTT, JJ., absent.

A lease of rooms in a building, which provided that in case of the destruction of the premises by fire the rent should be suspended or abated, was surrendered to and accepted by the lessor in consideration of three notes made by the lessee payable to the lessor at different dates. The first two notes were duly paid, and before the last note was due, the premises were destroyed by fire. Held, that the lessee was liable for the amount of the last note when due.

CONTRACT by Benjamin F. Brooks, Edward A. White, and Joseph Sawyer, trustees under the will of John Simmons, upon a promissory note for $1167, dated April 1, 1871, signed by the defendants, payable to Edward A. White, trustee, who indorsed it in blank. The case was submitted to the Superior Court, and after judgment for the plaintiffs for the amount of the note, to this court, on appeal, upon agreed facts, in substance as follows :

The defendants executed the note and are liable to pay the same to the plaintiffs, unless the following facts constitute a defence.

On November 2, 1868, John Simmons executed to the defendants a lease of the basement and lower floor of the four-storied store No. 89 Devonshire Street, Boston, at an annual rent of $3000, payable in equal quarterly instalments of $750 each, for the term of five years from October 1, 1869. The lease contained the following provision : "And provided, also, that in case the premises, or any part thereof, shall, during said term, be destroyed or damaged by fire or other unavoidable casualty, so that the same shall be thereby rendered unfit for use and habitation, then, and in such case, the rent hereinbefore reserved, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation by the said lessor, or these presents shall thereby be determined and ended at the election of the said lessor or his legal representatives."

The defendants paid the rent, and the obligations of the lease were fully complied with on both sides, until April 1, 1871. In the mean time John Simmons had died, and the plaintiffs, trustees under his will, had become invested with all his rights as lessor of the demised premises.

Before April 1, 1871, the defendants had moved out of the premises, and negotiations had been pending for some time between them and the plaintiffs, having in view the assumption of the premises by the latter. On the last named date the plaintiffs sent the defendants the following letter with reference thereto : "Boston, April 1, 1871. Messrs. Cutter, Tower & Co., Boston. Gentlemen, — I have had a conference with the other trustees, and we have agreed to renew the proposition last made to you in

reference to assuming the lease of the store on Devonshire Street, belonging to the estate. You to pay the rent to this date, and we will assume the balance of the lease by your paying to the trustees the sum of one thousand dollars per annum, and at that rate for any part of a year, and payable at the quarter day as had been said rent, you giving your note or notes for the same, if not paid in cash at this time.

" The trustees to put the property in condition to rent, you to pay the expense of the same, and what to be done you will please agree with Mr. White about as being proper and necessary. Your acceptance of the above or rejection we would like to-day, as if it is to come into our hands we wish to enter upon it without delay to prepare for tenantry.

"In behalf of the trustees, Joseph Sawyer."

This proposition the defendants accepted on the same day. Thereupon the amount payable under this agreement was averaged, and it was agreed that the defendants should give the plaintiffs therefor, which they consequently did, three bankable notes all dated April 1, 1871: one for $1167 on twelve months, which matured April 1, 1872, and was paid; one for $1166 on eighteen months, which matured January 1, 1873, and was paid; and third, the note in suit, which has never been paid. The defendants, on April 1, 1871, surrendered the premises to the plaintiffs, who entered into possession of the same, and shortly after leased them to another tenant, who was still occupying under his lease when the store was burned down and totally destroyed on November 9, 1872.

*M. Storey*, for the plaintiffs, was not called upon.

*J. D. Long*, (*S. B. Allen* with him,) for the defendants.

BY THE COURT. The consideration of the notes given by the lessees was the acceptance by the lessors of the surrender of the lease. After this, the defendants had no interest in the estate, and their liability upon the notes was not affected by the condition of the premises, or by the provisions of the lease which had ceased to exist. *Judgment for the plaintiffs affirmed.*